### HUTCHINSON *et al. v.* WALL *et al.*

(*Superior Court of New York City, General Term.* June 20, 1888.)

MORTGAGES—FORECLOSURE—RIGHTS OF PURCHASER.

On foreclosure of a mortgage, judgment was taken by default and plaintiff was allowed a sum paid by him as interest on a prior mortgage, though no demand was made therefor in the complaint. *Held,* that defendants could not have the judgment set aside further than as concerns the allowance of interest paid on the prior mortgage, and the purchaser at the foreclosure sale cannot refuse to take title on that account.

Appeal from special term.

Action by John Hutchinson and others against Franklin G. Wall and others, to foreclose a mortgage. Judgment was entered against defendants by default. The purchaser, John R. Foley, refused to complete the purchase, and appeals from an order directing him to do so.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Thomas Darlington,* (*Samuel Jones,* of counsel,) for appellant. *Leavitt & Keith,* (*John B. Leavitt,* of counsel,) for respondents.

SEDGWICK, C. J. The action was in foreclosure of mortgage upon real estate. The judgment was taken by default against all of the defendants. It

appears from the record that the referee reported that the plaintiff had paid $507.50 as interest upon mortgages prior to the mortgage in action, and that the plaintiff was entitled to payment of the amount out of the proceeds of sale. This conclusion of the referee was made part of the judgment. The complaint had not alluded to this claim of the plaintiff, or made any demand for relief in regard to it. The purchaser objected below that he should not be compelled to take title, because the defaulting parties could successfully object to the judgment so far as it gave plaintiff judgment for anything not demanded in the complaint, and those parties would, after the purchaser had taken title, have the right to have the judgment, and sale under it, set aside. In my opinion the rights of the defaulting defendants would be to have the judgment set aside so far only as it was defective in giving judgment for the amount of interest paid upon the prior mortgages, if they had such right, which it is not necessary to determine. This would not involve setting aside the sale. The order is affirmed, with $10 costs.

FREEDMAN, J., concurred.